IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PENDERGRASS, | ) | CASE NO. 1:13 CV 1410 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| EARNIE MOORE, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is a petition for a writ of habeas corpus brought by Michael A. Pendergrass, *pro se*, under 28 U.S.C. § 2254.[2] Pendergrass is currently in custody at the Trumbull Correctional Institution.[3] He is serving a ten-year sentence for the merged charges of rape and kidnapping imposed by the Cuyahoga County Court of Common Pleas on March 21, 2012, as the result of a guilty plea.[4] As grounds for relief, Pendergrass asserts that

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on August 21, 2013.

[2] ECF # 1.

[3] ECF # 19. Pendergrass was originally incarcerated in the Lebanon Correctional Institution in Lebanon, Ohio, where he was admitted on May 14, 2012. Currently Pendergrass is in the Trumbull Correctional Institution in Leavittsburg, Ohio. Ohio Department of Rehabilitation and Correction http://drc.ohio.gov/OffenderSearch/details.aspx?id=A624388.

[4] ECF # 1 at 1.

the state courts misapplied the maximum sentence of ten years.[5] The State says that this is non-cognizable.[6] For the reasons that follow, I will recommend that Pendergrass's petition be dismissed as non-cognizable.

## Facts

**A.     Background facts, trial, and sentence**

Except where otherwise noted below, the following facts were determined by the Ohio Court of Appeals[7] in its review of the trial proceedings.

Pendergrass, in a supplement to his petition, states that he paid the victim twenty dollars to engage in oral sex and intercourse, but then decided he wanted his money back.[8] When the victim did not want to return the money, the victim and Pendergrass engaged in a physical altercation.[9] Pendergrass maintains that he did not rape the victim at this point, but left the premises.[10]

---

[5] *Id.* at 2.

[6] ECF # 14 at 4.

[7] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[8] ECF # 13 at 2.

[9] *Id.*

[10] *Id.*

Pendergrass[11] was then indicted on one count of rape with a sexually violent predator specification, two counts of kidnapping, with sexual motivation specifications and sexually violent predator specifications, and one count of felonious assault.[12] Following plea negotiations, the State altered the charges by removing the sexually violent predator offense to count one and amending count two to abduction without sexual motivation specifications. Pendergrass pled guilty to rape and one count of abduction and was classified as a habitual sex offender.[13] Pendergrass's guilty plea was accepted, and he was sentenced to ten years in prison on the rape conviction on May 8, 2012.[14]

## B.     Direct Appeal

### 1.     *Court of appeals*

On June 7, 2012, Pendergrass[15] filed a timely[16] notice of appeal to the Eighth District Court of Appeals in Cuyahoga County.[17] In his brief, he asserted a single assignment of error:

---

[11] Represented by Attorney Mary Catherine Herbig Tylee.

[12] ECF # 14, Attachment (state court record) at 47.

[13] *Id*.

[14] *Id.*

[15] Represented by Attorney Carol Jackson.

[16] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). As indicated by the dates above, the appeal here was timely.

[17] ECF # 14 at 11-12.

> THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT.[18]

After the State filed its brief,[19] the Court of Appeals on November 8, 2012, issued its journal entry and opinion overruling Pendergrass's assignment of error and upholding the conviction of the trial court, stating that the sentence imposed was within the statutory limit and that the court offered a cogent explanation for imposing the maximum sentence, which was neither contrary to law nor an abuse of discretion.[20]

### 2. Supreme Court of Ohio

On November 24, 2012, Pendergrass, represented by the same attorney,[21] filed a timely[22] notice of appeal to the Ohio Supreme Court presenting the following single proposition of law:

> A TRIAL COURT ERRS BY SENTENCING A DEFENDANT TO THE MAXIMUM TERM OF IMPRISONMENT WHEN THE SENTENCE DOES NOT SERVE THE DUAL PURPOSES OF OHIO FELONY SENTENCING STRUCTURE: TO PROTECT THE PUBLIC FROM FUTURE CRIME BY THE OFFENDER AND TO PUNISH THE OFFENDER.[23]

---

[18] *Id.* at 30.

[19] *Id.* at 36-44.

[20] *Id.* at 45-50.

[21] Attorney Carol Jackson.

[22] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[23] ECF # 14 at 54.

The Ohio Supreme Court declined jurisdiction of the appeal on March 13, 2013.[24]

**C.     Postconviction petition**

On June 27, 2013, Pendergrass, *pro se*, filed a motion alleging that the evidence supporting his convictions was unreliable because there was no photo array or lineup to identify the victim and that the DNA match generated by the state system was suspicious because his DNA had been in the system since 1998, and he was not charged until 2011.[25] He argued that a motion to suppress was, therefore, warranted since his arrest violated his Fourth Amendment rights, and he was actually innocent.[26] The trial court denied Pendergrass's motion on July 1, 2013, because he had voluntarily entered a guilty plea and thus his current post conviction complaints were barred by *res judicata*.[27] The record does not indicate that he appealed this decision.

**D.     Federal habeas petition**

Pendergrass filed a timely[28] habeas petition, raising the following ground for relief:

GROUND ONE: EVEN THOUGH I TOLD MY LAWYER THAT I WAS INNOCENT, AND THAT IT WAS CONSENTUAL [sic] SEX BETWEEN

---

[24] *Id.* at 68.

[25] *Id.* at 69-72.

[26] *Id.*

[27] *Id.* at 73-74.

[28] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). To be timely, a party must file a notice of appeal within one year of the judgment being appealed. Because Pendergrass's federal habeas petition was filed on June 20, 2013, it was filed within one year of the conclusion of his appeal process and so is timely.

-5-

TWO ADULTS, I NEVER RAPED ANYONE. MY ATTORNEY INSTRUCTED ME TO PLEAD GUILTY OR GO TO PRISON FOR THE REST OF MY LIFE. AND BASED UPON THE PRE-SENTENCE REPORT, I WOULD ONLY GET 3-5 YEARS. SO EVEN THOUGH I WAS INNOCENT, I ENTERED A GUILTY PLEA UNDER ADVISE [sic] OF MY ATTORNEY.[29]

The State asserts that the maximum sentence of ten years was within the statutory limits and thoughtfully applied.[30] The State offers the following support for giving the petitioner the maximum sentence for the crime:

- Pendergrass had a criminal history dating back to 1996 and currently had three active warrants for his arrest from area municipal courts at the time of his arrest, and had violated probation on multiple occasions;[31]

- The victim of the crime suffered physical and psychological harm, for which Pendergrass showed no remorse;[32]

- Pendergrass was aware that the maximum sentence for a rape conviction was ten years.[33]

The State concludes that the federal habeas court should dismiss Pendergrass's petition because his ground for relief is not cognizable[34] because the claim of actual

---

[29] ECF # 1 at 5.

[30] ECF # 14 at 3.

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.* at 5.

[34] *Id.* at 14.

-6-

innocence is not subject for review in habeas court, and if it were, Pendergrass has not provided appropriate support for his claim of actual innocence.[35]

## Analysis

### A. Preliminary Observations

Before proceeding further, I make the following observations:

- Michael Pendergrass is currently in custody as a result of his 2012 guilty plea in the Cuyahoga County Court of Common Pleas. The petitioner was incarcerated as such at the time he filled his petition. He thus meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[36]

- Pendergrass's petition was timely filed under the applicable statute.[37]

- In addition, Pendergrass states,[38] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[39]

- Pendergrass's claims have been exhausted by proceeding through one full round of Ohio's established appellate review procedure.[40]

---

[35] ECF # 17 at 7.

[36] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[37] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[38] ECF # 1 at 11.

[39] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[40] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

- Finally, Pendergrass has earlier requested the appointment of counsel in the form of a letter to the Court.[41] Although there is no general right to counsel in a federal habeas corpus case, Pendergrass's request was docketed as a motion and then denied without prejudice so as to permit refiling as a motion for appointment of counsel together with a statement of reasons for the discretionary appointment of counsel in this case.[42] Pendergrass, however, did not file a subsequent motion for appointment of counsel with a statement of reasons. Thus, there is no present motion pending for appointment of counsel. He has not requested an evidentiary hearing.

### B. Standards of review

#### 1. *Guilty plea*

A guilty plea is in itself a conviction.[43] By entering a guilty plea, the defendant waives the right to a trial by judge or jury, and hence the plea must be made voluntarily and intelligently,[44] as determined under the totality of the circumstances.[45] The totality of circumstances means that the defendant is informed of the direct consequences of the plea.[46] To be valid, a guilty plea must be a voluntary and intelligent choice amongst the options available to the defendant.[47] In a habeas proceeding, the state bears the burden of showing,

---

[41] ECF # 12.

[42] ECF # 18.

[43] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[44] *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

[45] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[46] *Id.* at 755.

[47] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

usually through a transcript of the plea hearing, that the petitioner's plea was valid.[48] The record should reflect a full understanding of the direct consequences of the plea, meaning that the plea represents a voluntary and intelligent choice amongst the alternatives.[49] Since a valid plea is a sincere declaration of guilt, it carries a presumption of truthfulness.[50] Thus, after entering a guilty plea, the defendant may only challenge the court's jurisdiction and the voluntary and intelligent nature of the plea itself.[51]

### 2. *Non-cognizable violations of state law*

The federal habeas statute restricts the writ of habeas corpus to state prisoners in custody in violation of federal law.[52] Thus, a petitioner claiming his custody violates state law does not meet the qualifications for federal habeas relief.[53] A claim for habeas relief based solely on an alleged error of state law is properly dismissed as non-cognizable.[54] A purported violation of state law may serve as the foundation for federal habeas relief if the violation resulted in a denial of "fundamental fairness" at trial.[55] Violations of fundamental

---

[48] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

[49] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

[50] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[51] *Werth v. Bell*, 692 F.3d 486, 495 (2012).

[52] 28 U.S.C. § 2254(a).

[53] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[54] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[55] *Estelle*, 502 U.S. at 67-68.

fairness are restricted to offenses against "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[56] The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[57] The federal habeas court must follow the rulings of the state's highest court regarding state law[58] and may not question a state court's interpretation of its own procedural rules.[59] The Sixth Circuit has acknowledged that, "[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair."[60]

**C.     Application of standards**

As noted, Pendergrass pled guilty to the charges of rape and kidnapping.[61] As also noted, in a federal habeas court, a petitioner who pleads guilty to an offense is limited to seeking relief only on the grounds that the sentencing court lacked jurisdiction or that his plea was not voluntary and intelligent.

---

[56] *Bey*, 500 F.3d at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[57] *Id.*

[58] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[59] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[60] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[61] ECF # 1 at 1.

Here, Pendergrass argues that the sentencing court essentially abused its discretion in giving him a longer sentence than was suggested by the presentence report. As such, this challenge involves solely a matter of state law, which was addressed by the Ohio court of appeals, and does not implicate any federal constitutional issue that could afford Pendergrass relief here.

In that regard, it is well-settled that judges are not bound to recognize sentence terms contained in plea recommendations and, in such cases, the plea agreement itself based on the expectation of a more lenient sentence remains valid and fundamentally fair.[62] The sentence imposed here was within the statutory limit, and the court offered a cogent explanation for imposing the maximum sentence, which the state appeals court found was neither contrary to law nor an abuse of discretion.

Pendergrass also states that he did not rape anyone, and the sex was consensual. However, insofar as this is a claim of actual innocence, this claim for relief is also non-cognizable in federal habeas court as freestanding claims of actual innocence are not a basis for relief in a federal habeas court.[63] Furthermore, Pendergrass has not shown a violation of fundamental fairness as understood by the United States Supreme Court.

---

[62] *Carwile v. Smith*, 874 F.2d 382, 385-86 (6th Cir. 1998); *see also*, *Stout v. United States*, 508 F.2d 951, 953 (6th Cir. 1975) (subjective expectations of defendant and counsel as to the possible length of sentence, even if not realized, do not make a plea involuntary).

[63] *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014).

## Conclusion

For the foregoing reasons, I recommend that the petition of Michael Pendergrass for a writ of habeas corpus be dismissed as non-cognizable.

Dated: December 9, 2014                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[64]

---

[64] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).