PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PENDERGRASS, | ) | CASE NO. 1:13CV1410 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| EARNIE MOORE, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Before the Court is Petitioner Michael Pendergrass's petition, filed *pro se*, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. United States Magistrate Judge William H. Baughman, Jr. prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that the habeas petition be dismissed. ECF No. 20. Petitioner timely filed objections to the report and recommendations. ECF No. 21. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided, the Court overrules Petitioner's objections, adopts the report and recommendations, and dismisses the habeas petition.

**I. Factual and Procedural History**

**A. State Conviction**

In May 2011, Petitioner was indicted on four counts for an incident that occurred in July 2002.[1] The state charged him with rape, two counts of kidnaping, and felonious assault.

---

[1] The state was able to prosecute Petitioner ten years after the crime was

(continued...)

Petitioner pleaded guilty[2] to rape and kidnaping and on March 21, 2012, the Cuyahoga County Court of Common Pleas imposed a ten-year sentence, the maximum allowable sentence. ECF No. 14-2 at 45-46. Petitioner is currently in custody at Trumbull Correctional Institution serving his sentence.[3] ECF No. 1.

**B. Appeal to the Court of Appeals of Ohio (Direct Appeal)**

On June 7, 2012, Petitioner, represented by counsel, filed a timely notice of appeal to the Eighth District Court of Appeals in Cuyahoga County. ECF No. 14-1, Ex. 6. Petitioner asserted a single assignment of error:

> THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT. ECF No. 14-1, Ex. 7.

The Court of Appeals overruled Petitioner's assignment of error and upheld the conviction of the trial court, stating that:

> The term imposed on Pendergrass was within the statutory limits applicable at the time the offenses were committed, and the trial court provided a cogent and thoughtful explanation for choosing the maximum term. Thus, Pendergrass's sentence is neither contrary to law or not an abuse of discretion. *State v. Pendergrass* (Nov. 8, 2012), Cuyahoga App. No. 98486,

---

[1](...continued)
committed because of, *inter alia*, Deoxyribonucleic Acid (DNA) testing. ECF No. 14-2 at 45.

[2] In a supplement to his habeas petition, Petitioner now states that he paid the victim twenty dollars to engage in oral sex and intercourse, but then decided he wanted his money back. ECF No. 13 at 2. When the victim did not want to return the money, the victim and Petitioner engaged in a physical altercation. Petitioner now maintains that he did not rape the victim at this point, but left the premises. ECF No. 13 at 2.

[3] In his habeas petition, Petitioner listed the Lebanon Correctional Institution as his place of incarceration, but he has since been transferred to Trumbull Correctional Institution: http://drc.ohio.gov/OffenderSearch/details.aspx?id=A624388.

(1:13CV01410)

2012 Ohio 5186, 2012 Ohio App. LEXIS 4543 ("ECF No. 14-1, Ex. 9" at 51.

### C. Supreme Court of Ohio

On November 24, 2012, Petitioner, represented by counsel, filed a timely notice of appeal to the Ohio Supreme Court, presenting the following single proposition of law:

> A TRIAL COURT ERRS BY SENTENCING A DEFENDANT TO THE MAXIMUM TERM OF IMPRISONMENT WHEN THE SENTENCE DOES NOT SERVE THE DUAL PURPOSES OF OHIO FELONY SENTENCING STRUCTURE: TO PROTECT THE PUBLIC FROM FUTURE CRIME BY THE OFFENDER AND TO PUNISH THE OFFENDER. ECF No. 14, Ex. 11 at 56.

On March 13, 2013, the Ohio Supreme Court declined to accept the appeal. ECF No. 14, Ex. 12 at 70.

### D. Post-conviction Petition

On June 27, 2013, Petitioner, proceeding *pro se*, filed a motion to vacate and set aside as void his sentence for violation of the ex pose (*sic*) facto clause. ECF No. 14-1, Ex. 13 at 71-74. Petitioner argued that there was no photo array or lineup to identify him, and that the DNA match generated by the state system was suspicious because his DNA had been in the system since 1998, but he was not charged until 2011. *Id.* at 72. Petitioner argued that a motion to suppress the DNA evidence was warranted because his arrest violated his Fourth Amendment rights, and he was actually innocent. *Id.* On July 1, 2013, the trial court denied Petitioner's motion because he had made a plea knowingly and voluntarily and because *res judicata* barred his post- conviction complaints. ECF No. 14, Ex. 14 at 75-76.

3

(1:13CV01410)

### E. Federal Habeas Petition[4]

Petitioner filed a timely habeas petition, raising the following ground for relief:

Ground one: Even though I told my lawyer that I was innocent, and that it was consensual (*sic*) sex between two adults, I never raped anyone.  My attorney instructed me to plead guilty or go to prison for the rest of my life.  And based upon the pre-sentence report, I would only get 3-5 years, so even though I was innocent, I entered a guilty plea under advise (*sic*) of my attorney.  ECF No. 1. at 5.

The State Filed a Motion to Dismiss Petitioner's Petition as containing only a non-cognizable claim.  ECF No. 14.  United States Magistrate Judge William H. Baughman, Jr. issued a report in accordance with 28 U.S.C. § 636(b)(1)(B), in which he recommended that the habeas petition be dismissed.  ECF No. 20.  Petitioner timely filed his objections.  ECF No. 21.  Petitioner's objections are now ripe for review.

## II.  AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

---

[4] This is not a second or successive petition for federal habeas relief as to this conviction and sentence.  Petitioner's claim regarding the length of his sentence has been exhausted since he has completed one full round of Ohio's established appellate review procedure.

4

(1:13CV01410)

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (internal citation omitted).  Stated differently, in order to obtain federal habeas relief, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.  "This [is a] difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (citation omitted; internal quotations omitted). Furthermore, pursuant to *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*  The petitioner carries the burden of proof.  *Pinholster*, 131 S.Ct. at 1398.

A claim for habeas relief based solely on an alleged error of state law is properly dismissed as non-cognizable because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (same).   Only if a petitioner can show that the state law violation resulted in a denial of "fundamental fairness" at trial can such a violation serve as a foundation for federal habeas relief.  *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).  Violations of fundamental fairness are restricted to offenses against "some principle of justice so rooted in the traditions and conscience of our people as to

5

(1:13CV01410)

be ranked as fundamental." *Bey*, 500 F.3d at 521 (citations omitted). The Petitioner bears the burden of showing a violation of the principle of fundamental fairness. *Id*.

### III. Discussion

Petitioner asks the Court for a shorter sentence, stating that his presentence report suggested a sentence shorter than what he received. Reviewing the sentencing decisions of a state court, without the assertion of a constitutional violation, is not within the province of a federal court on a habeas petition. Upon appellate review, the Ohio Court of Appeals held that the trial court's sentence was neither contrary to law nor an abuse of discretion. The Court of Appeals determined that the trial court judge had cogently considered Petitioner's criminal history, the physical and psychological harm that he caused his victim, and the need to protect the public before imposing the maximum sentence of ten years. Because Petitioner has not demonstrated that the trial court lacked jurisdiction to impose the sentence and because petitioner's plea was voluntary and intelligent, Petitioner's sentencing claim is non-cognizable as a state law issue.[5]

With regard to Petitioner's actual innocence claim, Petitioner pled guilty to the charge of rape and kidnaping. Now, however, petitioner claims that he did not rape the victim and that the sex was consensual. Petitioner has not provided new evidence to buttress his claim of actual innocence. In federal habeas petitions, absent a predicate constitutional violations, freestanding

---

[5] Even if the Court had authority to review Defendant's sentence, that Petitioner received a sentence longer than what he expected after pleading guilty does not demonstrate fundamental unfairness. *See Carwhile v. Smith*, 874 F.2d 383, 385-86 (6th Cir. 1998) (noting the discretion of the judiciary in imposing a sentence that differs from Prosecution's recommendations and Defendant's expectations after a guilty plea).

(1:13CV01410)

claims of actual innocence are not a basis for relief in a federal habeas court. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014). Petitioner asserts that "the evidence in this case show (*sic*) no type of solution that somebody was raped or hurt." ECF No. 21 at 1. The posture of Petitioner's case, suggests otherwise. Not only did he plead guilty, but he appealed his sentence to the Court of Appeals of Ohio and the Supreme Court of Ohio without arguing his actual innocence claim.[6] Unlike the Petitioner in *Herrera*, who argued unsuccessfully that his error-free trial violated his Eighth Amendment rights, Petitioner here fails to assert any constitutional violation. Petitioner's actual innocence claim is, therefore, foreclosed on federal habeas corpus review.

Petitioner also argues that he pleaded guilty because he "had no help at all." ECF No. 21 at 2. Petitioner, however, challenged neither his trial counsel's effectiveness nor the voluntariness of his plea on direct appeal to the Court of Appeals. Because Petitioner did not offer these claims in state court, the federal court cannot now review them under 28 U.S.C §

---

[6] Nor did Petitioner file a Rule 26(B) Application to re-open his direct appeal with the Court of Appeals of Ohio for ineffective assistance of appellate counsel for counsel's failure to raise this claim in his appeals. This Rule states in relevant part "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

(1:13CV01410)

2254. *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 2003) (stating that a federal habeas court can review a Petitioner's claim despite a procedural default only if Petitioner can show cause and actual prejudice for his failure to adhere to state rules). Because Petitioner has not shown cause for why he failed to bring these arguments on direct appeal or by way of a Rule 26(B) application to the Ohio Court of Appeals, Petitioner's claims are barred.

### IV. Conclusion

For the reasons above, the Court dismisses Petitioner's petition and adopts the magistrate judge's Report and Recommendation. ECF No. 20. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


    IT IS SO ORDERED.


| December 31, 2014 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |